Case MDL No. 867   Document 2   Filed 06/16/15   Page 1 of 8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 11 1991

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 867

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PRUDENTIAL-BACHE ENERGY GROWTH FUNDS SECURITIES LITIGATION

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

TRANSFER ORDER

This litigation presently consists of nineteen actions pending in four federal districts, as follows: fifteen actions in the Eastern District of Louisiana, two actions in the Southern District of Florida, and one action each in the Southern District of Texas and the Southern District of New York.[1] Before the Panel is a motion by the thirteen defendants in the litigation to centralize, pursuant to 28 U.S.C. §1407, the actions in this docket in the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings. A response in opposition to centralization has been submitted by plaintiffs in i) the two Florida actions, ii) the New York action, iii) two Eastern District of Louisiana actions that were transferred there from the Southern District of New York pursuant to 28 U.S.C. §1404(a), and iv) the Florida potential tag-along action. If the Panel nevertheless deems centralization appropriate, these plaintiffs would favor the Southern District of Texas, the Southern District of Florida or the Southern District of New York as the transferee forum. Plaintiffs in the Texas action oppose inclusion of their action in centralized pretrial proceedings in the Eastern District of Louisiana; alternatively, they would support centralization in the Southern District of Texas. Plaintiffs in ten Louisiana actions state that they too would support centralization in the Southern District of Texas.

On the basis of the papers filed and the hearing held, the Panel finds that these nineteen actions involve common questions of fact and that centralization under Section 1407 in the Eastern District of Louisiana will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These common factual questions arise because each of the actions alleges securities fraud in connection with the offer and sale of interests in Prudential-Bache Energy Growth Fund, L.P. G-1, a limited partnership created in 1986 to invest in oil and gas entities and assets. Centralization under Section 1407 is thus necessary in order to eliminate duplicative

---

[1] The Panel has been advised that a related action is pending in the Southern District of Florida. This action will be treated as a potential tag-along action. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Louisiana is the appropriate transferee forum for this docket. We note that 1) fifteen of nineteen constituent actions, including the first-filed action, are already pending there; 2) all defendants favor the Eastern District of Louisiana and nine of them (the Graham defendants) have their principal places of business there; and 3) the Honorable A.J. McNamara, to whom we are assigning this litigation, has gained familiarity with the issues and parties in the docket by virtue of his prior rulings on class certification and on motions to compel arbitration.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of Louisiana be, and the same hereby are, transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable A.J. McNamara for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

*[signature]*

John F. Nangle
Chairman

SCHEDULE A

<u>MDL-867 -- In re Prudential-Bache Energy Growth Funds Securities Litigation</u>

### Southern District of Florida

<u>Pearl Cohen v. Prudential-Bache Securities, Inc., et al.</u>, C.A. No. 90-6737-CIV-MORENO
<u>Frederick R. Swartz v. Prudential-Bache Securities, Inc., et al.</u>, C.A. No. 90-6738-CIV-ZLOCH

### Eastern District of Louisiana

<u>Ruth James v. Prudential-Bache Securities, Inc., et al.</u>, C.A. No. 90-4671
<u>Herman Madison v. Prudential-Bache Securities, Inc., et al.</u>, C.A. No. 90-4919
<u>Dr. Timothy Gallaher, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. 89-4296
<u>M. Barnett Gillman v. Prudential-Bache Securities, Inc., et al.</u>, C.A. No. 90-0433

<u>Robert A. Vosbein, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-2735
<u>Charles Perry, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-2761
<u>The Green and Rowe Profit Sharing Plan v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-2817
<u>Frank A. Darabi v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-2961
<u>Kenneth Parry, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-3042
<u>Paul W. McArthur, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-3080
<u>James W. Nichols, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-3237
<u>Joe Dunlap, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-3774
<u>Ike Ganey, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-3943
<u>Lauren R. Housel, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-4323
<u>Paul D. McKinnis, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. CIV-90-4788

### Southern District of Texas

<u>Helen Bovay, et al. v. Graham Energy, Ltd., et al.</u>, C.A. No. 90-2715

### Southern District of New York

<u>Olivia N. Lieb v. Prudential-Bache Securities, Inc., et al.</u>, C.A. No. 90-6755

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -5 91

DOCKET NO. 867

PATRICIA D. HOWARD
CLERK OF THE PANEL

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE PRUDENTIAL-BACHE ENERGY GROWTH FUNDS SECURITIES LITIGATION**

Judy M. Hitchcock, et al. v. Graham Energy, Ltd., et al., S.D. Texas, C.A. No. H-91-0796

**BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR. AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL**

**TRANSFER ORDER**

Presently before the Panel is a motion pursuant to 28 U.S.C. §1407, brought by seven defendants in the above-captioned action (Hitchcock), to transfer Hitchcock to the Eastern District of Louisiana for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge A.J. McNamara. Plaintiffs in Hitchcock oppose transfer.

On the basis of the papers filed,[1] the Panel finds that Hitchcock involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of Hitchcock to the Eastern District of Louisiana for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs premise their opposition to transfer of Hitchcock entirely on the pendency of their motion to remand Hitchcock to Texas state court. They urge the Panel not to order transfer until the court in the Southern District of Texas has decided the remand issue in Hitchcock, and they state that, in the event their remand motion is denied, they would then consent to transfer by the Panel. We note, however, that the pending motion to remand Hitchcock to Texas state court can be presented to and decided by the transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2nd Cir. 1990); In re Air Crash Disaster at Florida Everglades on December 29, 1972, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

---

[1] The parties waived oral argument and accordingly the question of transfer of Hitchcock under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled <u>Judy M. Hitchcock, et al. v. Graham Energy, Ltd., et al.</u>, S.D. Texas, C.A. No. H-91-0796, be, and the same hereby is, transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable A.J. McNamara for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 11 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 867

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE PRUDENTIAL-BACHE ENERGY GROWTH FUNDS SECURITIES LITIGATION**

William C. Graves, IV, et al. v. Prudential Securities, Inc., S.D. Florida, C.A. No. 91-14105

ORDER VACATING CONDITIONAL TRANSFER ORDER

Inasmuch as the Honorable William J. Zloch entered an order on May 16, 1991, remanding the above-captioned action to the Circuit Court of the Nineteenth Judicial Circuit, in and for Indian River County, Florida,

IT IS ORDERED that the conditional transfer order filed on June 24, 1991, by the Judicial Panel on Multidistrict Litigation be, and the same hereby is, VACATED.

FOR THE PANEL:

Patricia D. Howard
Clerk of the Panel

*JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -7 1992

PATRICIA D. HOWARD
CLERK OF THE PANEL*

*DOCKET NO. 867*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PRUDENTIAL-BACHE ENERGY GROWTH FUNDS SECURITIES LITIGATION*

*William C. Graves, IV, et al. v. Prudential Securities, Inc., et al.*, S.D. Florida, C.A. No. 91-14190-CIV-ROETTGER

**BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD,\* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL**

## TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the above-captioned action (*Graves*) to vacate the Panel's order conditionally transferring *Graves* to the Eastern District of Louisiana for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge A.J. McNamara. The seven defendants in *Graves* oppose the motion to vacate in that action and favor transfer to the Eastern District of Louisiana.

On the basis of the papers filed,[1] the Panel finds that *Graves* involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of *Graves* to the Eastern District of Louisiana for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of *Graves* is appropriate for reasons expressed by the Panel in our previous rulings ordering transfer in this docket. *See In re Prudential-Bache Energy Growth Funds Securities Litigation*, MDL-867 (J.P.M.L., February 11, 1991 and June 5, 1991) (unpublished orders).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *William C. Graves, IV, et al. v. Prudential Securities, Inc., et al.*, S.D. Florida, C.A. No. 91-14190-CIV-ROETTGER, be, and the same hereby is, transferred to the Eastern District of

---

\* Judge Woodward took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of transfer of this action under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

Louisiana and, with the consent of that court, assigned to the Honorable A.J. McNamara for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

*[signature]*

John F. Nangle
Chairman